FeeemAN, J.,
delivered the opinion of the Court.
This is a presentment, charging that, “Hankins Daniel, on the 10th day of September, 1870, in Meigs county, did wilfully, unlawfully and falsely assume to be a Justice of the Peace, and did take upon himself to act as such,” and then alleging that on that day he tried a party for a misdemeanor, “he not being at .•said time, a legal qualified Justice of the Peace, &e.”
A motion was made to quash the presentment, which ■was overruled by the Court, and the defendant convicted. Seasons in arrest of judgment were then filed, and overruled; the defendant filed the record in this court, and now prosecutes a writ of error for reversal of the judgment.
The presentment is in the language of the statute, and the only question is, whether, under the Constitution of Tennessee, Art. 1, Sec. 9, the charge is sufficient. That provision is, “That in all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, and to have a copy thereof.”
The object of this provision is unmistakable and clear, that a party accused should know from the state- *259 meats and allegations of the indictment or presentment against him, not only the charge -against, or accusation, but its nature and cause. It is intended to give him notice of the facts sought to be proved against him in order to his conviction; and for this purpose he is entitled to have a copy of the accusation.
In the case of Pearce v. The State, 1 Sneed, 67, the presentment was in the language of the statute, and charged the defendant with “unlawfully and knowingly voting in the county of Rhea, not being a qualified voter in said county.” The Court say: “The presentment is in the language of the statute;” but that the charge was simply of a legal result, and for the facts which constituted him a qualified voter we are to refer to the Constitution and laws, “from which it will be seen that there are several grounds of disqualification,” going on to mention them. “Now,” the court say, “for which of these causes was the defendant disqualified? The presentment does not inform him, and the cause can only appear in the proof, when he may be taken by surprise, and be wholly unprepared to make his defense, however just and valid it may be.”
There are at least four cases of disqualification from holding office in our State, so that the above case is conclusive of this one; unless we should overrule it, which we do not feel that we ought to do. "We have examined this record containing the presentment, trial and conviction, with the proceedings had therein, but as there is no bill of exceptions containing the proof in it, we are totally at a loss to surmise what was the “nature and cause of the accusation” of which the *260 party stands convicted. We, therefore, can not hold that the presentment gave the defendant notice of the offense with which he stood charged, with sufficient certainty to enable him to make his defense to it understands gly.
The case will be reversed and the judgment arrested, and. the presentment quashed.